IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM J. WEBB, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action. No. 20-938-RGA |
| | ) |
| KIRK NEAL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 17th day of December, 2021, having considered Plaintiff's motion for appointment of expert and motion to compel (D.I. 28, 32),

IT IS HEREBY ORDERED that the motions (D.I. 28, 32) are **DENIED** in part and **GRANTED** in part, for the reasons that follow:

1. The discovery deadline in this matter is December 12, 2021. (*See* D.I. 19). Plaintiff's deposition is scheduled for December 22, 2021. (D.I. 31).

2. **Motion to Compel**. Plaintiff served discovery requests upon Defendants on September 27, 2021, and Defendants responded to the requests on October 27, 2021. (D.I. 20, 21, 23). Defendants objected to some requests and provided documents responsive to some requests. (*See* D.I. 21, 23). Plaintiff filed a motion to compel and for sanctions on November 29, 2021. (D.I. 32). He seeks responses to Requests (a), (b), (c), and (i). Under Fed. R. Civ. P. 37 a party is entitled to seek an order compelling discovery if the party has properly served interrogatories and/or requests for production and the party upon whom served has failed to provide full, complete and timely responses. The motion will be granted in part and denied in part.

1

The Court has reviewed Defendants' responses and objections, finds most of the responses adequate, but not all. Sanctions are not warranted.

3. Request (a). Plaintiff requested any letters sent to Robert May pertaining to and leading up to this litigation. (D.I. 20 at 1, Request (a)). Defendants objected to the request and also responded that no such letters exist. (D.I. 21 at 5). Defendants cannot produce that which does not exist. The objections are sustained.

4. Request (b). Plaintiff requested any letters sent to Renee Hrivnak pertaining to and leading up to this litigation. (D.I. 20 at 1, Request (b)). Defendants objected that the request was overly broad, unduly burdensome, oppressive, not reasonably calculated to lead to discoverable admissible evidence, contained undefined terms, called for information to which Plaintiff has equal access or in his possession, and seeks information not within Defendants' possession, care, custody, or control. (D.I. 20 at 6). Hrivnak, a Deputy Attorney General, is not a defendant and not a prison employee. Defendants' objections are sustained.

5. Request (c). Plaintiff requested any and all investigations performed by the Department of Corrections Internal Affairs. (D.I. 20 at 1-2, Request (c)). Defendants objected that the request was overly broad, unduly burdensome, oppressive, not reasonably calculated to lead to discoverable admissible evidence, and not limited to a specific time-frame. (D.I. 20 at 6-7). These objections have merit, but, to the extent there was an internal affairs investigation into the allegations that remain against Neal and/or Verde, that needs to be produced. The response is silent on that point. Defendants' objections are sustained, for the most part, but Defendants are **ORDERED**

to produce any internal affairs investigation of the subject incidents, or respond that there were no such investigations.

6. Request (i). Plaintiff requested video footage from July 8, 2019 until August 15, 2019. (D.I. 20 at 3, Request (i)). Defendants objected that the request was overly broad, oppressive, and not reasonably calculated to lead to discoverable admissible evidence and also that they would coordinate with DOC personal to allow Plaintiff to view the video that depicts the July 18, 2019 incident. (D.I. 20 at 10). Plaintiff complains that he received a redacted copy of the July 18, 2019, incident, and his request was more specific. Defendants' objections are sustained. Hundreds of hours of video are irrelevant and burdensome. Defendants adequately responded to the request.

7. **Motion for Expert Witness**. Plaintiff seeks a use of force expert on the grounds the expert would be a credible witness, the expert would avoid credibility issues under the Federal Rules of Evidence, and states that there are funds available to appoint an expert. (D.I. 28). The motion will be denied. Rule 706 provides that the trial judge has broad discretion to appoint an independent expert answerable to the court, whether *sua sponte* or on the motion of a party. *Ford v. Mercer County Corr. Ctr.*, 171 F. App'x 416, 420 (3d Cir. 2006). The policy behind the rule is to promote the jury's factfinding ability. *Id.* (citations omitted). The costs of such an expert are borne by the parties, not by the Court. *See Fullman v. City of Philadelphia*, 793 F. App'x 126, 129 (3d Cir. 2019).

8. The issue of use of force is not one that is "a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance."

*Ford v. Mercy Cty. Correc. Ctr.*, 171 F. App'x 416, 520 (3d Cir. 2006). Nor has Plaintiff demonstrated the ability to pay for such an expert. The motion to appoint an expert witness is **DENIED**.

                                                                                     */s/ Richard G. Andrews*
                                                                                    UNITED STATES DISTRICT JUDGE